UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOEL FUENTES ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| WINDHAM PROFESSIONALS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Noel Fuentes, by and through his undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Noel Fuentes, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; and the Telephone Consumer Protection Act of 1991, 47 U.S.C.§227, et seq. and 47 C.F.R. 64.1200, et seq ("TCPA").

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains its principal place of business here.

## III.  PARTIES

4. Plaintiff, Noel Fuentes, ("Plaintiff") is an adult natural person residing 741 East Village Drive, Galloway Township, New Jersey 08205.

5. Defendant, Windham Professionals, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey and the State of New Hampshire, with its principal place of business located at 380 Main Street, Salem, New Hampshire, 03079.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Defendant at all times material and relevant hereto, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## IV.   FACTUAL ALLEGATIONS

8. In or around October, 2011, the Plaintiff began receiving pre-recorded automated message phone calls from the Defendant collecting on an alleged consumer debt incurred and owed by "Robert".

9. The Plaintiff states that he has been called every day at eight o'clock in the morning since October, 2011.

11. The Plaintiff is not "Robert" and does not know the identity of "Robert".

12. The Plaintiff has contacted the Defendant on three occasions in November and December, 2011 to clarify that the Plaintiff is not "Robert", does not know "Robert", and to request the Defendant cease from calling the Plaintiff.

13. The Plaintiff continues to be contacted by the Defendant via the pre-recorded automated messages even after the request to cease all communications.

14. The Defendant negligently failed to remove the Plaintiff's telephone number from their system and continued to call and harass him even after being told they had contacted the wrong person.

15. The Plaintiff is feeling stressed and is losing sleep due to the incessant calls by the Defendant.

16. The Defendant's constant telephonic contact with the Plaintiff violates the TCPA.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### COUNT ONE – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was not incurred by Plaintiff but was a debt incurred for personal, family or household purposes but is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(3):   Contact of Third Party: Contacted a person more than once, unless requested to

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm

§ 1692d:      Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:      Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Windham Professionals, Inc. and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT TWO – TCPA

24.    The above paragraphs are hereby incorporated herein by reference.

25.    At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

26.    The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a.    The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b.    The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

  **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Windham Professionals, Inc. and Order the following relief:

  a. Actual damages;

  b. Statutory damages;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

      **Respectfully submitted,**

      **WARREN & VULLINGS, LLP**

Date: January 20, 2012   BY: */s/Bruce K. Warren*

      BY: */s/Brent F. Vullings*

      Bruce K. Warren, Esquire
      Brent F. Vullings, Esquire
      Warren & Vullings, LLP
      93 Old York Road, Suite 333
      Jenkintown, PA 19046
      215-745-9800  Fax 215-745-7880
      Attorneys for Plaintiff